UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BRIAN DANIELS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 12-3009** |
| **STEVE RADER, WARDEN** | **SECTION "E"(4)** |

### REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing if necessary, and to submit proposed findings and recommendations pursuant to **28 U.S.C. § 636(b)(1)(B) and (C)**, and as applicable, **Rule 8(b) of the Rules Governing Section 2254 Cases**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing. *See* 28 U.S.C. § 2254(e)(2) (2006).[1]

### I.    Factual and Procedural Background

The petitioner, Brian Daniels ("Daniels") is a convicted inmate currently incarcerated in the Dixon Correctional Institute in Jackson, Louisiana.[2]  On February 10, 2010, Daniels and a co-defendant, Jacoby Bickham, were charged by Bill of Information in Jefferson Parish with one count

---

[1] Under 28 U.S.C. § 2254(e)(2), an evidentiary hearing is held only when the petitioner shows that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable or a factual basis that could not have been previously discovered by the exercise of due diligence and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner.

[2] Rec. Doc. No. 1.

of armed robbery.[3] Daniels and Bickham both entered pleas of not guilty to the charges on February 11, 2010.[4] The State later entered a nolle prosequi as to the charge against Bickham.[5]

Upon enrolling, Daniels's private counsel filed nine (9) pretrial motions on March 12, 2010, including motions to suppress the confession, to suppress the evidence, to access the recording of the victim's interview, and to interview the police officers.[6] Shortly after, on March 15, 2010, Daniels changed his plea to not guilty and not guilty by reason of insanity.[7]

At a hearing held May 26, 2010, on consent of the State and defense counsel, the Trial Court received the reports from the psychiatrists finding Daniels competent to stand trial.[8] Based on the reports, the Court found Daniels competent to proceed to trial. On June 26, 2010, the Court also denied counsel's amended motion for appointment of a sanity commission in which he alleged the need for a reevaluation of Daniels's competence.[9]

Later, on August 9, 2010, Daniels withdrew his former plea and entered a plea of guilty as charged based on an agreement reached with the State.[10] Pursuant thereto, the Court sentenced

---

[3]St. Rec. Vol. 1 of 3, Bill of Information, 2/10/00.

[4]St. Rec. Vol. 1 of 3, Minute Entry, 2/11/10.

[5]St. Rec. Vol. 1 of 3, Bill of Information, 2/10/00 (handwritten notation).

[6]St. Rec. Vol. 1 of 3, Motion to Suppress Confession, 3/12/10; Motion to Suppress Evidence, 3/12/10; Motion to Reveal and Identify Informants and Reveal the Deal, 3/12/10; Motion for Jury Information, 3/12/10; Motion for Discovery and Bill of Particulars, 3/12/10; Motion for Prayer of Oyer, 3/12/10; Motion for Disclosure of Impeaching Information, 3/12/10; Motion to Interview Law Enforcement Officers, 3/12/10; Motion for Production of Exculpatory Evidence, 3/12/10; Motion to Inspect, Examine, and Copy Audiotape, 3/12/10; Memorandum in Support, 3/12/10.

[7]St. Rec. Vol. 1 of 3, Minute Entry, 3/15/10; Motion for Appointment of Sanity Commission, 4/8/10.

[8]St. Rec. Vol. 1 of 3, Minute Entry, 5/26/10.

[9]St. Rec. Vol. 1 of 3, Trial Court Order, 6/26/10; Amended Motion to Appoint Sanity Commission, 6/15/10.

[10]St. Rec. Vol. 1 of 3, Plea Minutes, 8/9/10; Waiver of Constitutional Rights Plea of Guilty, 8/9/10; Rec. Doc. No. 1, pp. 86-97, Plea Transcript, 8/9/10.

Daniels, who was sixteen (16) years old at the time, to serve fifteen (15) years in prison without benefit of parole, probation, or suspension of sentence.[11]

Daniels's conviction became final thirty (30) days later, on Wednesday, September 8, 2010, because he did not seek reconsideration or file for an appeal. La. Code Crim. P. art. 914;[12] *Butler v. Cain*, 533 F.3d 314, 317 (5th Cir. 2008) ("a conviction becomes final when the time for seeking further direct review in the state court expires.") (quoting *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003)).

On September 9, 2010, Daniels moved to withdraw his guilty plea, though no reasons therefor were given.[13] Daniels was represented by counsel at the hearing held October 8, 2010, and at the hearing, the Trial Court denied the motion.[14] Daniels did not seek review of this ruling.

Ten months later, on August 3, 2011, Daniels through private counsel filed an application for post-conviction relief with the Trial Court alleging that trial counsel provided ineffective assistance when he, (a) failed to pursue rulings on pretrial motions to suppress the evidence, confession and identification and a motion on probable cause, (b) failed to adequately investigate, and (c) advised Daniels to enter a guilty plea.[15]

---

[11] St. Rec. Vol. 1 of 3, Plea Minutes, 8/9/10; Rec. Doc. No. 1, pp. 86-97, Plea Transcript, 8/9/10.

[12] Under Louisiana law, a guilty plea waives all non-jurisdictional defects in the proceedings prior to the plea and precludes review of such defects on appeal or on post-conviction relief. *State v. Crosby*, 338 So.2d 584, 588 (La. 1976). Where grounds do exist, Louisiana law requires the defendant to move for leave to appeal within 30 days of the order or judgment being appealed or of a ruling on a timely motion to reconsider a sentence. La. Code Crim. P. art. 914 (as amended La. Acts 2003, No. 949, § 1). Petitioner's failure to move timely for appeal under Article 914 rendered the conviction and sentence final at the expiration of that period. *State v. Counterman*, 475 So.2d 336, 338 (La. 1985).

[13] St. Rec. Vol. 1 of 3, Motion to Withdraw Guilty Plea, 9/9/10.

[14] St. Rec. Vol. 1 of 3, Hearing Minutes, 10/8/10.

[15] St. Rec. Vol. 1 of 3, Uniform Application for Post-Conviction Relief, 8/3/11 (counsel filed).

3

After receiving the State's opposition response, the Trial Court denied relief on January 4, 2012, citing *Strickland v. Washington*, 466 U.S. 668 (1984) and related state law.[16] The Court found that the grounds raised were speculative and conclusory and that the plea negotiated with counsel's assistance was beneficial to Daniels who received a significantly reduced sentence.

The Louisiana Fifth Circuit denied Daniels's counsel-filed writ application on March 13, 2012, indicating its agreement with the Trial Court's resolve that Daniels did not prove either prong under *Strickland* and that the plea agreement was beneficial to Daniels, leaving no reason to hold an evidentiary hearing.[17] The Louisiana Supreme Court also denied Daniels's counsel-filed writ application without stated reasons on September 14, 2012.[18]

## II. **Federal Petition**

On December 19, 2012, the clerk of this Court filed Daniels's federal petition for habeas corpus relief in which he raised four grounds for relief:[19] (1) trial counsel was ineffective for failing to pursue rulings on pretrial motions to suppress evidence, statements, and identification and a motion on probable cause; (2) trial counsel was ineffective for failing to adequately investigate defendant's case; (3) trial counsel was ineffective for advising Daniels to enter the guilty plea in light of the unlawful confessions and suspect identifications; and (4) the state trial court erred in denying Daniels an evidentiary hearing.

---

[16]St. Rec. Vol. 1 of 3, Trial Court Order, 1/4/12; State's Response, 10/14/11.

[17]St. Rec. Vol. 2 of 3, 5th Cir. Order, 12-KH-116, 3/13/12; 5th Cir. Writ Application, 12-KH-116, 2/2/12 (counsel filed).

[18]*State v. Daniels*, 97 So.3d 1017 (La. 2012); St. Rec. Vol. 3 of 3, La. S.Ct. Order, 2012-KP-0812, 9/14/12; Copy of La. S.Ct. Writ Application, 12-KP-0812, dated 4/11/12; La. S.Ct. Letter, 2012-KP-812, 4/12/12 (showing postmark 4/11/12).

[19]Rec. Doc. No. 1.

The State filed a response in opposition to the petition arguing that Daniels's ineffective assistance of counsel claims are without merit under *Strickland* and his fourth claim is not cognizable on federal habeas review and is without merit under state law.[20]

### III.   General Standards of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214,[21] applies to this petition, which is deemed filed in this Court no later than October 11, 2012.[22] The threshold questions in habeas review under the amended statute are whether the petition is timely and whether the claim raised by the petitioner was adjudicated on the merits in state court; *i.e.*, the petitioner must have exhausted state court remedies and must not be in "procedural default" on a claim. *Nobles v. Johnson*, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)). The record reflects that Daniels's petition was timely filed, he has exhausted available state court remedies, and his claims are not in procedural default.

---

[20]Rec. Doc. No. 9.

[21]The AEDPA comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254, and applied to habeas petitions filed after its effective date, April 24, 1996. *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)). The AEDPA, signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments. Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law. *United States v. Sherrod*, 964 F.2d 1501, 1505 n.11 (5th Cir. 1992).

[22]The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se. Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999); *Spotville v. Cain*, 149 F.3d 374, 376-78 (5th Cir. 1998); *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995). The clerk of court filed Daniels's federal habeas petition on December 19, 2012, when the filing fee was received after denial of pauper status. Daniels dated his signature on the memorandum submitted with his form application on October 11, 2012, which is the earliest date appearing in the record on which he could have delivered the pleadings to prison officials for mailing to the Court. The fact that he later paid the filing fee does not alter the application of the federal mailbox rule to his *pro se* petition. *See Cousin v. Lensing*, 310 F.3d 843, 847 (5th Cir. 2002) (mailbox rule applies even if inmate did not pay the filing fee at the time of mailing) (citing *Spotville*, 149 F.3d at 376).

**IV.     Standards of Review on the Merits**

The AEDPA standard of review is governed by § 2254(d) and the Supreme Court's decision in *Williams v. Taylor*, 529 U.S. 362 (2000).  It provides different standards for questions of fact, questions of law, and mixed questions of fact and law.

A state court's determinations of questions of fact are presumed correct and the court must give deference to the state court findings unless they were based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.  28 U.S.C. § 2254(d)(2) (2006); *see Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000), *cert. denied*, 532 U.S. 1039 (2001). The amended statute also codifies the "presumption of correctness" that attaches to state court findings of fact and the "clear and convincing evidence" burden placed on a petitioner who attempts to overcome that presumption.  28 U.S.C. § 2254(e)(1) (2006).

A state court's determination of questions of law and mixed questions of law and fact are reviewed under § 2254(d)(1), as amended by the AEDPA.  The standard provides that deference be given to the state court's decision unless the decision is "contrary to or involves an unreasonable application of clearly established federal law" as determined by the United States Supreme Court. *Hill*, 210 F.3d at 485.

A state court's decision can be "contrary to" federal law if: (1) the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law; or (2) the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams*, 529 U.S. at 405-06, 412-13; *Penry v. Johnson*, 532 U.S. 782, 792-93 (2001); *Hill*, 210 F.3d at 485.  A state court's decision can involve an "unreasonable application" of federal law if it either: (1) correctly identifies the governing rule but then applies it unreasonably to the facts; or (2)

extends or fails to extend a clearly established legal principle to a new context in a way that is objectively unreasonable. *Williams*, 529 U.S. at 406-08, 413; *Penry*, 532 U.S. at 792.

The Supreme Court in *Williams* did not specifically define "unreasonable" in the context of decisions involving unreasonable applications of federal law. *See Williams*, 529 U.S. at 410. The Court, however, noted that an unreasonable application of federal law is different from an incorrect application of federal law. *Id*. "'[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the state-court decision applied [a Supreme Court case] incorrectly.'" *Price v. Vincent*, 538 U.S. 634, 641 (2003) (quoting *Woodford v. Visciotti*, 537 U.S. 19, 24-25 (2002)) (brackets in original); *Bell v. Cone*, 535 U.S. 685, 699 (2002)).

Thus, under the "unreasonable application" determination, the Court need not determine whether the state court's reasoning is sound, rather "the only question for a federal habeas court is whether the state court's determination is objectively unreasonable." *Neal v. Puckett*, 286 F.3d 230, 246 (5th Cir. 2002). The burden is on the petitioner to show that the state court applied the precedent to the facts of his case in an objectively unreasonable manner. *Price*, 538 U.S. at 641 (quoting *Woodford*, 537 U.S. at 24-25); *Wright v. Quarterman*, 470 F.3d 581, 585 (5th Cir. 2006). In addition, review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits. *Cullen v. Pinholster*, __ U.S. __, 131 S.Ct. 1388, 1398 (2011).

**V.     Effective Assistance of Counsel (Claim Nos. 1-3)**

Daniels alleges that he received ineffective assistance from his trial counsel based on several grounds: (a) counsel failed to pursue pretrial motions to suppress and for a probable cause determination; (b) counsel failed to investigate the case; (c) counsel erred in advising Daniels to enter a guilty plea without a full understanding of the case. Tangent to this, Daniels also argues in

a fourth claim that he should have been granted an evidentiary hearing by the state trial court and that one should be provided now to allow for the development of his claims.

As noted above, the State argues that Daniels has failed to establish that the state courts' denial of relief was contrary to or an unreasonable application of *Strickland*, and he is entitled to relief or an evidentiary hearing.

Daniels's private counsel asserted these same arguments on state post-conviction review. As outlined above, the Trial Court, relying on the holding in *Strickland*, denied each of Daniels's ineffective assistance of counsel claims as meritless. This holding and the denial of an evidentiary hearing were affirmed by the state appellate court under the standards of *Strickland*.

### A. **Evidentiary Hearing Not Warranted (Claim No. 4)**

As an initial matter, the Court considers Daniels's claim that the state trial court erred in denying his post-conviction application without an evidentiary hearing. His claim does not entitle him to federal habeas corpus review or relief.

This claim fails because "infirmities in State habeas proceedings do not constitute grounds for relief in federal court." *Rudd v. Johnson*, 256 F.3d 317, 319 (5th Cir. 2001). An attack on the State habeas proceeding is an attack on a proceeding collateral to the detention and not the detention itself, which is the issue in federal habeas. *Id*. at 320; *see also*, *Drevino v. Johnson*, 168 F.3d 173, 180 (5th Cir. 1999); *see also*, *Lackawana County Dist. Attorney v. Coss*, 532 U.S. 394, 402-403 (2001) (no constitutional mandate that states provide post-conviction review) (citing *Pennsylvania v. Finley*, 481 U.S. 551, 557 (1987) (no constitutional right to state post-conviction review)).

Furthermore, to the extent Daniels may seek to request a federal evidentiary hearing, his request must be denied. As discussed by the Supreme Court in *Cullen*, 131 S. Ct. at 1400-01, the

decision to hold an evidentiary hearing is a statutorily mandated determination limited by the provisions of § 2254(e)(2), which restricts evidentiary hearings to those instances where the claim relies on a new rule of law retroactively applied on collateral review for which the predicate could not have been previously discovered with due diligence and where the facts would be sufficient to undermine a guilty verdict by clear and convincing evidence. *See Cullen*, 131 S. Ct. at 1400-01. The Court in *Cullen* further recognized that where these factors are not met, evidence presented for the first time on federal habeas review may not be considered on federal habeas review to address the merits of the claims under § 2254(d)(1). *Id.*

Thus, the federal habeas court is limited to review of only the evidence and record before the state courts that reviewed the claim at issue. *See Cullen*, 131 S. Ct. at 1400; *Blue v. Thaler*, 665 F.3d 647, 656 (5th Cir. 2011); *Gallow v. Cooper*, 505 F. App'x 285, 295-96 (5th Cir. 2012); *Thomas v. Thaler*, No. 12-50280, 2013 WL 1297269, at *4-*5 (5th Cir. Apr. 2, 2013). In other words, this Court does not consider evidentiary materials that were not first presented to the state courts.

As presented in the following discussion, Daniels is not entitled to federal habeas relief based on his ineffective assistance of counsel claims. He, therefore, has made no showing of entitlement to relief from his conviction by clear and convincing evidence. He also has not based his claim on a new, retroactive rule of law under the provisions of § 2254(e)(2). There is no basis to grant an evidentiary hearing in this case.

**B.     Analysis**

The issue of ineffective assistance of counsel is a mixed question of law and fact. *Richards v. Quarterman*, 566 F.3d 553, 561 (5th Cir. 2009). The question for this Court is whether the state

courts' denial of relief was contrary to, or an unreasonable application of, United States Supreme Court precedent.

The Supreme Court's holding in *Strickland*, 466 U.S. 668, applied by the Louisiana courts, is the appropriate standard for judging the performance of counsel when a defendant pleads guilty. *Hill v. Lockhart*, 474 U.S. 52, 58 (1985). In *Strickland*, the Court established a two-part test for evaluating claims of ineffective assistance of counsel in which the petitioner must prove deficient performance and prejudice therefrom. *See Strickland*, 466 U.S. at 697. The petitioner has the burden of proving ineffective assistance of counsel by a preponderance of the evidence. *Montoya v. Johnson*, 226 F.3d 399, 408 (5th Cir. 2000); *Jernigan v. Collins*, 980 F.2d 292, 296 (5th Cir. 1992). In deciding ineffective assistance claims, a court need not address both prongs of the conjunctive *Strickland* standard, but may dispose of such a claim based solely on a petitioner's failure to meet either prong of the test. *Amos v. Scott*, 61 F.3d 333, 348 (5th Cir. 1995).

Under *Hill*, which applies *Strickland* in the guilty plea context, the first prong is satisfied by a showing that "counsel's representation fell below an objective standard of reasonableness." *Hill*, 474 U.S. at 62 (citing *Strickland*, 466 U.S. at 687-88). "[I]t is necessary to 'judge . . . counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct.'" *Lockhart v. Fretwell*, 506 U.S. 364, 371 (1993) (quoting *Strickland*, 466 U.S. at 690). Petitioner must overcome a strong presumption that the conduct of his counsel falls within a wide range of reasonable representation. *Harrington v. Richter*, __ U.S. __, 131 S.Ct. 770, 787 (2011) (citing *Strickland*, 466 U.S. at 689). "[I]t is all too easy to conclude that a particular act or omission of counsel was unreasonable in the harsh light of hindsight." *Bell*, 535 U.S. at 697 (citing *Strickland*, 466 U.S. at 689).

Second, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.*, at 694; *United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999).  In the context of a guilty plea, "[i]n order to satisfy . . . [*Strickland*'s] 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  *Hill*, 474 U.S. at 59.  Furthermore, "[t]he petitioner must 'affirmatively prove,' and not just allege, prejudice." *Day v. Quarterman*, 566 F.3d 527, 536 (5th Cir. 2009) (quoting *Strickland*, 466 U.S. at 695).  In this context, "a reasonable probability is a probability sufficient to undermine confidence in the outcome." *Cullen*, 131 S. Ct. at 1403 (quoting *Strickland*, 466 U.S. at. 694).  This standard requires a "substantial," not just "conceivable," likelihood of a different result.  *Harrington*, 131 S. Ct. at 792.   Thus, conclusory allegations with no showing of effect on the proceedings do not raise a constitutional issue sufficient to support federal habeas relief.  *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000) (citing *Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983)).

On habeas review, the United States Supreme Court has clarified that, in applying *Strickland*, "[t]he question is whether an attorney's representation amounted to incompetence under prevailing professional norms, not whether it deviated from best practices or most common custom." *Harrington*, 131 S. Ct. at 788.  The *Harrington* Court went on to recognize the high level of deference owed to a state court's findings under *Strickland* in light of AEDPA standards of review:

> The standards created by *Strickland* and §2254(d) are both highly deferential, and when the two apply in tandem, review is doubly so.  The *Strickland* standard is a general one, so the range of reasonable applications is substantial.  Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d).  When § 2254(d) applies, the question is not

>whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard.

*Id.* at 788 (citations and quotation marks omitted).

Thus, scrutiny of counsel's performance under § 2254(d) is "doubly deferential." *Cullen*, 131 S. Ct. at 1403 (quoting *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009)). The federal courts must take a "highly deferential" look at counsel's performance under the *Strickland* standard through the "deferential lens of § 2254(d)." *Id.* (citing *Strickland*, 466 U.S. at 689, and quoting *Knowles*, 556 U.S. at 121 n.2).

In the instant case, Daniels does not allege that his trial counsel's alleged errors were a substantial reason why he entered the plea of guilty or that, but for counsel's alleged errors, there was a high probability that he would not have entered the guilty plea. Instead, his arguments relate to the adequacy of his counsel's performance in failing to complete the challenge to the propriety of his confessions and other potential inculpatory evidence before advising him to enter the plea. Thus, even construed broadly, Daniels's petition does not contend that there is a substantial probability that he would not have entered a guilty plea, and would have insisted on proceeding to trial, if his attorney had not committed the alleged errors. Without this showing, this court cannot find that he was prejudiced by his counsel's performance under the standards set forth in *Hill* and *Strickland*.

Furthermore, Daniels has failed to establish that his counsel's performance was objectively unreasonable or deficient under the circumstances of his case. Long before advising Daniels to enter the guilty plea, counsel filed the pretrial motions to suppress and sought to and did obtain other information, including the victim's recorded statement and the police investigative documents, from the prosecution. During the course of the pretrial proceedings, though unsuccessful, counsel also

challenged Daniels's competence to proceed on the representation that his mental health was stressed and that he was having difficulty assisting counsel in preparing for trial.

Thus, trial counsel's efforts to investigate and prepare for trial appear to have been reasonable. As determined by the state courts, Daniels's arguments to the contrary are conclusory. *Green v. Johnson*, 160 F.3d 1029, 1042 (5th Cir. 1998) ("Mere conclusory allegations in support of a claim of ineffective assistance of counsel are insufficient to raise a constitutional issue.").

In addition, the fact that Daniels entered the guilty plea prior to resolution of the pretrial motions is not indicative of an unreasonable or prejudicial performance by counsel or that his plea was rendered involuntary or unknowing. On the contrary, the record contains nothing to show that Daniels did not understand or intend his plea. In fact, Daniels has never declared himself innocent of the charges to which he plead guilty. Instead, his claims are based on his unsupported representations that his inculpatory statements to police and the identifications were suspect because of his young age. He does not challenge his confessions on their factual accuracy, but only on his bold assertions that he was vulnerable to police manipulation.

However, the constitutional propriety of Daniels's plea is determined by his demonstrated understanding of his actions at the plea hearing itself. He made no statements at the plea hearing that were inconsistent with guilt or that should have caused the state court concern about the voluntariness of his plea. Prior to entry of the plea, Daniels twice was advised that the motion hearings were continued, yet he accepted the plea without mention to the state court of his concern about the pendency of the motions.[23] The plea agreement he accepted allowed him to receive a 15 year sentence. While higher then the minimum ten (10) year sentence, the agreed upon sentence was

---

[23]*See* St. Rec. Vol. 1 of 3, Minute Entry, 5/10/10; Minute Entry, 6/16/10.

well short of the 99 year maximum sentence he faced. The mere fact that motions were unresolved is not enough to render his counsel's advise unreasonable or the plea involuntary.

The record presents no support for Daniels's claim that his counsel was ineffective or that any error on the part of counsel was the "but for" reason for his entry of the guilty plea. For these reasons, the state courts' denial of relief was not contrary to, or an unreasonable application of, *Strickland* or *Hill*. Daniels is not entitled to relief on this claim.

## VI.     Recommendation

For the foregoing reasons, it is **RECOMMENDED** that Daniels's petition for issuance of a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 be **DENIED** and **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Assoc.*, 79 F.3d 1415, 1430 (5th Cir. 1996).[24]

New Orleans, Louisiana, this 22nd day of October, 2013.

*[signature]*

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[24]*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.